UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LYNN MELINN,

       Plaintiff,                                  Hon. Robert J. Jonker

v.                                                    Case No. 1:19-cv-416

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Remand and Entry of Judgment under Sentence Four, 42 U.S.C. § 405(g).  (ECF No. 12.)  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Commissioner's motion be **GRANTED** and that the remand order provide that: (1) Plaintiff's benefits be immediately reinstated; and (2) the remand be limited to whether Plaintiff continues to be disabled under sections 223(f) and 1614(a)(3)(A) of the Social Security Act.

On February 4, 2010, Administrative Law Judge (ALJ) Baldwin Ogden found that Plaintiff was disabled and awarded her Disability Insurance Benefits and Supplemental Security Income benefits.  In 2015, the Social Security Administration Cooperative Disability Investigative Unit concluded that Plaintiff may have engaged in fraud or similar fault in obtaining the prior favorable decision and that Plaintiff may have no longer been disabled due to her observed activities and medical improvement. (ECF No. 5-2 at PageID.38.)  On April 19, 2017, ALJ Donna Grit conducted a hearing to determine whether the February 4, 2010 favorable decision should be reopened or revised due to fraud or similar fault and whether Plaintiff was still disabled.  (*Id.* at

PageID.40.)   ALJ Grit found that there was no basis to conclude that Plaintiff knowingly engaged in fraud or conduct within the definition of similar fault.   (*Id.* at PageID.39.)   However, ALJ Grit found that Plaintiff's disability ceased on July 24, 2015.   (*Id.* at PageID.40.)

The Appeals Council denied Plaintiff's request for review of ALJ Grit's decision. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's decision.

The Commissioner moves for remand pursuant to sentence four of section 405(g) on the basis that ALJ Grit did not properly establish the basis for the continuing disability review.   The Commissioner states that, upon remand, the Appeals Council will vacate the hearing decision, make a request to the field office that Plaintiff's payments be reinstated, and remand the case to an ALJ with instructions to issue a new decision.   (ECF No. 12-1 at PageID.2132.)   The Commissioner further states that the new decision will be limited to the issue of fraud or similar fault, and the ALJ will be instructed that he or she may consider medical improvement only if a continuing disability review was properly initiated in accordance with the Social Security Administration's regulations.   (*Id.* at PageID.2132–33.)   The Commissioner's proposed remand order mirrors these conditions.   (ECF No. 12-2.)

Plaintiff does not oppose a remand, but she objects to two aspects of the proposed remand language.   First, Plaintiff argues that because ALJ Grit's decision to terminate her benefits was erroneous and improper, the remand order should provide for immediate reinstatement of benefits. Second, Plaintiff argues that the scope of the Commissioner's proposed remand order is too broad, as it includes the issue of fraud or similar fault within the scope of the remand even though neither

party disputes the correctness of ALJ Grit's decision on this issue, and Plaintiff never raised it in her appeal to the Appeals Council or in her complaint in this case.

Regarding immediate reinstatement of benefits, a court may award benefits immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). In his reply, the Commissioner does not object to Plaintiff's request for immediate reinstatement, and the undersigned concludes that the remand order should direct that Plaintiff's benefits be reinstated back to the date they were terminated. Plaintiff was previously found disabled, and ALJ Grit concluded that the evidence "does not support a conclusion that the claimant has knowingly engaged in activity that was either fraudulent or within the definition of similar fault." (ECF No. 5-2 at PageID.21.) Moreover, regarding medical improvement, as the Commissioner's motion suggests, a serious question exists as to whether ALJ Grit had the authority to address the issue in the first instance. *See Smith v. Schweiker*, 709 F.2d 777, 779 (2d Cir. 1983) (describing review process for continuing disability determinations).

The second issue is whether the Court should limit the remand to whether Plaintiff continues to be disabled and preclude the Commissioner from revisiting the issue of fraud or similar fault. Pursuant to 42 U.S.C. § 405(g), a court is empowered to reverse the decision of the Commissioner with or without remanding the case for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292 (1993). In general, when a plaintiff appeals an adverse decision to a federal court, and the court remands the case, the Commissioner can consider any issue related to the claim "whether or not [it was] raised in the administrative proceedings leading to the final decision in [the] case." 20 C.F.R. § 404.983. Thus, a remand from the Appeals Council to an ALJ following remand from a court under sentence four "generally vacates the entire . . . ALJ . . . decision, and the ALJ

3

must consider all pertinent issues de novo." *Hearings, Appeals, and Litigation Law Manual (HALLEX)* 1-2-8-18, *Administrative Law Judge Decision When Case Remanded by Court*, 1993 WL 643038.  Nonetheless, federal courts are authorized to limit the scope of review on remand. *See Sullivan v. Hudson*, 490 U.S. 877, 885 (1989) (noting that "the district court's remand order will often include detailed instructions concerning the scope of the remand" and that "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error" (citations omitted)).

Here, Plaintiff argues that the Court should carve out the issue of fraud or similar fault from the remand because: (1) ALJ Grit decided the issue favorably to Plaintiff; (2) the Appeals Council did not review or modify the finding; (3) Plaintiff did not raise the issue to the Appeals Council; and (4) the Commissioner does not suggest that ALJ Grit erred in determining the issue.  (ECF No. 13 at PageID.2139.)  Given these circumstances, the undersigned concludes that this is an appropriate case to limit the scope of the remand and preclude the Commissioner from revisiting fraud or similar fault.  *See Shaff v. Comm'r of Soc. Sec.*, No. 6:15-cv-1350-Orl-TBS, 2016 WL 1714524, at *2 (N.D. Fla. Apr. 29, 2016) (precluding reconsideration of the finding of disability on remand where the commissioner failed to show that the ALJ committed legal error in awarding benefits).  *Hollins v. Massanari*, 49 F. App'x 533 (6th Cir. 2002), which the Commissioner cites for the proposition that an ALJ may consider any relevant issue de novo on remand so long as the remand order is followed, does not compel a different result.  The issue in *Hollins* was whether the ALJ acted contrary to the district court's remand order.  *Id.* at 535–36.  Here, no remand order has issued, and importantly, the Sixth Circuit noted that district courts can and do "include detailed instructions concerning the scope of the remand and the issues to be addressed," and in such instances, an ALJ "may not do anything expressly or impliedly in contradiction to the district

4

court's remand order." *Id.* at 536; *see also Tull v. Comm'r of Soc. Sec.*, No. 13-14985, 2015 WL 736392, at *9-10 (E.D. Mich. Feb. 20, 2015) (discussing *Hollins*).

Accordingly, the undersigned recommends that the Commissioner's motion be **GRANTED**, subject to the conditions that:   (1) Plaintiff's benefits be reinstated immediately back to the date they were terminated; (2) the remand be limited to whether Plaintiff continues to be disabled under sections 223(f) and 1614(a)(3)(A) of the Social Security Act, if a continuing disability review is properly initiated in accordance with regulations; and (3) the finding that Plaintiff did not engage in fraud or similar fault not be disturbed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: January 14, 2020                              /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge